

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**Talisha Booker**,

Plaintiff,

v.

**David P. Steiner**,

Postmaster General,

United States Postal Service,

Defendant.

Case No.: 8:26-CV-385-SDM-CPT

**COMPLAINT AND JURY DEMAND**

Plaintiff Talisha Booker, appearing without an attorney, brings this action against Defendant and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Rehabilitation Act of 1973, which prohibits disability discrimination and retaliation by federal employers.

2. This Court has subject-matter jurisdiction over this action pursuant to federal law.

3. Venue is proper in the Middle District of Florida because Plaintiff was employed by the United States Postal Service in this District and the events giving rise to this action occurred here.

## II. PARTIES

4. Plaintiff Talisha Booker is a former employee of the United States Postal Service.

5. Defendant David P. Steiner is the Postmaster General of the United States Postal Service and is sued in his official capacity.

## III. STATEMENT OF FACTS

6. Plaintiff began working for the United States Postal Service in or about July 2025 at a facility in the Tampa, Florida area.

7. Plaintiff has disabilities, including attention-deficit/hyperactivity disorder and post-traumatic stress disorder, which affect concentration, learning under pressure, stress tolerance, and communication.

8. During her employment, Plaintiff experienced harassment and differential treatment related to her disabilities.

9. Plaintiff reported disability-based harassment to management and sought assistance through internal channels.

10. After engaging in protected activity, Plaintiff was subjected to negative performance treatment, heightened scrutiny, and lack of support.

11. Defendant failed to take reasonable steps to address Plaintiff's complaints or prevent further harm.

12. Plaintiff was subsequently given an unsatisfactory performance evaluation despite having received no prior discipline or corrective counseling.

13. As a result of Defendant's actions and inaction, Plaintiff's working conditions became intolerable, and she was forced to resign in or about September 2025.

## IV. ADMINISTRATIVE PROCESS

14. Plaintiff contacted the Postal Service's Equal Employment Opportunity office and participated in the administrative process.

15. Plaintiff received a Notice of Right to File a formal complaint.

16. Plaintiff's administrative complaint was dismissed on procedural grounds, not on the merits.

17. The procedural dismissal occurred during a period of documented hardship, including housing instability and medical conditions affecting the Plaintiff's ability to comply with deadlines.

18. Plaintiff appealed the procedural dismissal to the Equal Employment Opportunity Commission's Office of Federal Operations, where the appeal remains pending.

19. Plaintiff files this action within 90 days of receiving the agency's dismissal in order to preserve her rights.

## V. CLAIMS

### COUNT I – Disability Discrimination

(Rehabilitation Act)

20. Defendant subjected Plaintiff to harassment, unequal treatment, and adverse employment actions because of her disabilities.

### COUNT II – Failure to Accommodate

(Rehabilitation Act)

21. Defendant failed to reasonably accommodate Plaintiff's known disabilities and failed to engage in a meaningful interactive process.

### COUNT III – Retaliation

(Rehabilitation Act)

22. Defendant retaliated against Plaintiff for reporting disability-based harassment and engaging in protected activity.

### COUNT IV – Constructive Discharge

23. Defendant knowingly permitted working conditions so intolerable that a reasonable person, particularly one with Plaintiff's known disabilities, would have felt compelled to resign.

## VI. DAMAGES

24. Plaintiff suffered lost income, emotional distress, and other compensable harms as a result of Defendant's unlawful conduct.

## VII. JURY DEMAND

25. Plaintiff demands a trial by jury on all issues so triable.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in her favor;

b. Award appropriate damages and equitable relief as permitted by law; and

c. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Talisha Booker

Talisha Booker

Plaintiff, Pro Se

Tampa, Florida

Email: tnbmassagetherapy@icloud.com

Phone: 813-897-9451

Date: 1/29/2026